**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RANDAL NEVILLE BROOKS,           )
                Petitioner,      )
                                 )
        v.                       )        Civil A. No. 3:26-891
                                 )        Judge Nora Barry Fischer
LEONARD ODDO, et al.,            )
                                 )
            Respondents.         )

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Randal Neville Brooks' Petition for Writ of Habeas Corpus, (Docket No. 5), the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 9), and Petitioner's Reply, (Docket No. 10).   After careful consideration of the parties' positions and for the following reasons, the Petition [5] is denied.

Petitioner, a 29-year-old native of Jamaica, is currently detained at Moshannon Valley Processing Center.  (Docket Nos. 5; 9-1).  On October 7, 2023, he lawfully entered the United States at Miami, Florida on a nonimmigrant C1 crewmember visa authorizing him to stay in the country for a 29-day period.  (Docket No. 9-2).  He overstayed the visa, has been living within the United States since that time and married a United States citizen who lives in Indianapolis in 2024. (Docket Nos. 9-2; 10).  He was charged with simple assault and disorderly conduct in state court in Allegheny County and was arrested by ICE agents on February 10, 2026, after he made an appearance in the criminal case.  (Docket No. 9 at 2).

As to immigration proceedings, Petitioner's wife submitted an I130 application on his behalf to initiate a family-based green card process the day after his arrest by immigration agents, i.e., February 11, 2026.  (Docket No. 10).  He had a bond hearing before an IJ on February 27, 2026, at which time he was deemed a flight risk and ordered detained pending his removal

proceedings. (Docket No. 9-3). He did not appeal the denial of bond to the BIA. (Docket No. 9). Petitioner also had a hearing before an IJ on April 14, 2026, at which time he was ordered removed to Jamaica. (Docket Nos. 5; 9; 10). He filed an appeal to the BIA challenging the removal order, which is still pending. (*Id.*). He has remained in custody since his arrest on February 10, 2026.

Petitioner asserts that he is wrongfully subject to mandatory detention under § 1225(b) and that he is entitled to release and/or a bond hearing with the burden placed on Respondents to show by clear and convincing evidence that he is a flight risk or a danger to the community. (Docket Nos. 5; 10). Respondents counter that the Petition should be denied because Petitioner is being held in discretionary detention pursuant to § 1226(a), was afforded a bond hearing shortly after his arrest at which time he was deemed a flight risk, did not appeal the denial of bond to the BIA, and has not been detained long enough to prove a due process violation. (Docket No. 9).

In *Makeshov v. Oddo*, the District Court found that a similar claim by a habeas petitioner was foreclosed by a precedential decision of the U.S. Court of Appeals for the Third Circuit. *See Makeshov v. Oddo, et al.*, No. 3:26-CV-00808-JFC, 2026 WL 1579023, at *1 (W.D. Pa. June 3, 2026) (Conti, S.J.). As explained by the District Court:

> [i]n *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a request from a petitioner being held in discretionary detention under § 1226(a). The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration. *Id*. at 276. The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id*. at 279. The court explained: "Borbot's habeas

> petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id*.

*Id*. Since Makeshov was detained pursuant to § 1226(a) and had been provided with a bond hearing at which he had the burden to prove that he was not a flight risk or a danger, as required under § 1226(a), the District Court denied Makeshov's habeas claim alleging that he was entitled to a second bond hearing with the burden placed on Respondents. *Id*. Other District Courts have likewise held that a habeas petitioner who is detained under § 1226(a) and afforded a bond hearing but declines to appeal to the BIA and has not alleged any constitutional defects in the initial bond hearing, is not entitled to a second bond hearing with the burden of proof shifted to Respondents. *See e.g., Zhumaev v. Oddo*, No. 3:26-CV-736, 2026 WL 1618488, at *2 (W.D. Pa. June 5, 2026) (Hardy, J.) ("The Court concludes that it is precluded from adjudicating questions of law and fact arising from the burden of proof applied by the immigration judge's bond hearing pursuant to 8 U.S.C. § 1252(b)(9).").

The same is true here. Unlike many petitioners who have brought habeas claims before the Court challenging the mandatory detention policy under § 1225(b), Petitioner was afforded a bond hearing at the outset of his detention and is subject to discretionary detention under § 1226(a). (Docket No. 9-3). He had the ability to appeal that decision to the BIA and may seek a bond redetermination from an IJ "upon a showing that [his] circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e); *see also Zhumaev*, 2026 WL 1618488, at *1, n.1. This Court lacks jurisdiction to review the prior bond decision and given that Petitioner has been detained for approximately four months, his due process challenge to the duration of his confinement is premature. *See Borbot*, 906 F.3d at 280 ("We therefore need not decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing

in order to conclude that Borbot's due process rights were not violated."); *see also Fadel v. Warden of Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00625, 2026 WL 1649901, at *5 (W.D. Pa. June 8, 2026) (Haines, J.) (evaluating *German Santos* factors as to circumstances of petitioner detained for nine months who had been awarded asylum by an IJ but remained detained due to a DHS appeal to the BIA and directing a second bond hearing be held but noting that "[t]he Court does not hold that every Section 1226(a) detainee who previously received a bond hearing is automatically entitled to a second hearing once detention reaches a particular length. Nor does the Court review the discretionary merits of the IJ's prior bond denial. Rather, under the specific circumstances presented here, continued detention without any hearing at which the Government bears the burden of justifying detention violates the Due Process Clause.").

For all of these reasons,

IT IS HEREBY ORDERED that the Petition [5] is DENIED.   Petitioner's due process claim at ground four of his Petition is denied, without prejudice, as it is premature and the remaining claims are denied, with prejudice.  An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

Dated: June 24, 2026

cc/ecf: All counsel of record

cc:    RANDAL NEVILLE BROOKS
       A 221 493 093
       MOSHANNON VALLEY PROCESSING CENTER
       555 GEO DRIVE
       PHILIPSBURG, PA 16866 (via first class mail)

- 4 -